IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| CRISELDA RAMIREZ, | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 4:22-cv-00961 |
| | § | |
| KROGER TEXAS, L.P., | § | |
| Defendants. | § | JURY DEMANDED |

**KROGER TEXAS, L.P.'S NOTICE OF REMOVAL**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Pursuant to the terms and provisions of 28 U.S.C. §§ 1441 and 1446, Defendant Kroger Texas L.P. in the cause styled "*Criselda Ramirez v. Kroger Texas L.P.*," originally pending as Cause No. 236-336976-22 in the 236th Judicial District Court of Tarrant County, Texas, files this Notice of Removal of the cause to the United States District Court for the Northern District of Texas, Fort Worth Division.

**I.
BASIS FOR REMOVAL**

The basis of the removal of this action is diversity jurisdiction under 28 U.S.C. § 1332. In particular, diversity jurisdiction exists in this case because there is complete diversity of citizenship between the proper parties, as discussed further herein; the only proper Defendant is not a citizen of the State of Texas; and the amount-in-controversy exceeds $75,000.00, exclusive of interest and costs.[1]

---

[1] *See* 28 U.S.C. § 1332 (2018).

- 1 -

## II.
## DIVERSITY JURISDICTION

Plaintiff, at the time of the incident giving rise to this lawsuit, at the time of the initial filing of this action, and at the current time of the removal of this action, was and is a citizen, resident, and domiciliary of the State of Texas.[2]

Kroger Texas L.P. at the time of the initial filing of this action and at the time of the removal of this action, was and is a limited partnership formed under the laws of Ohio. The general partner of Kroger Texas L.P. is KRGP Inc., an Ohio corporation with its principal place of business in Ohio. The only limited partner is KRLP Inc., an Ohio corporation with its principal place of business in Ohio. Neither KRGP Inc. nor KRLP Inc., the only two partners of Kroger Texas L.P., has ever been a resident of, incorporated in, or had its principal place of business in the State of Texas.

## III.
## FACTUAL BACKGROUND

Plaintiff claims that, on or about February 17, 2021, she slipped and fell in water leaking from crates in Kroger's store.[3] Plaintiff filed suit on September 22, 2022, in the 236th Judicial District Court of Tarrant County, Texas, alleging premises liability and negligence-based causes of action against Defendant.[4]

---

[2] *See* Plaintiff's Original Petition, attached hereto as Exhibit 2, at P. 1, ¶ II.

[3] *Id.* at p. 2, ¶ IV.

[4] *Id.* at p. 2-3.

## IV.
## THE AMOUNT-IN-CONTROVERSY

Plaintiff judicially admits in her Original Petition that she is seeking damages in excess of $75,000.00.[5] Plaintiff alleged damages in an amount more than $250,000 but not more than $1,000,000.[6] Specifically, Plaintiff seeks damages and medical expenses.[7] As a result, the amount-in-controversy in this case exceeds $75,000.00, exclusive of interest and costs, and this case is removable.[8]

## V.
## REMOVAL IS TIMELY

This removal is timely because it is filed "within thirty days after receipt, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained the case is one which is or has just become removable."[9]  Defendant first became aware this case was removable on or about October 5, 2022, when Defendant was served with Plaintiff's Original Petition.[10] Accordingly, this removal is timely because it is made within thirty days after the receipt by Defendant of the document that first demonstrated the case was removable.  Moreover, more than one year has not passed since the commencement of the action in state court on September 22, 2022.[11]

---

[5]   *Id.* at p. 2, ¶ III.

[6]   *Id*.

[7]   *Id*. at p. 2, ¶ IV.

[8]   *See S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 492 (5th Cir. 1996); *see also Laughlin v. Kmart Corp.*, 50 S.W.3d 871, 873 (10th Cir. 1995) (amount in controversy is ordinarily determined by allegations in complaint).

[9]   28 U.S.C. § 1446(b).

[10]   *See* Service of Citation attached to Pl's. Orig. Pet. (Exh.2).

[11]   *See id*.

## VI.
## VENUE

Venue is proper in this district under 28 U.S.C. § 1441(a) because this district and division embrace the county in which the removed action has been pending.

## VII.
## PROCEDURAL REQUIREMENTS

Defendant filed with the Clerk of the 236th Judicial District Court of Tarrant County, Texas a Notice of Filing Notice of Removal to Federal Court contemporaneously with the filing of this Notice of Removal.

Pursuant to Local Rule 81.1, the following documents are attached hereto for the Court's reference:

(1) State court docket sheet (as of October 25, 2022);

(2) Plaintiff's Original Petition (filed on September 22, 2022) with Citation (served on Kroger on October 5, 2022); and

(3) Defendant Kroger Texas, L.P.'s Original Answer and Special Exception (filed on October 24, 2022).

Also, in compliance with Local Rule 81.1, Defendant has filed the following documents with the Notice:

- Civil Cover Sheet;
- Supplemental Civil Cover Sheet; and
- Certificate of Interested Persons.

**WHEREFORE, PREMISES CONSIDERED,** Defendant Kroger Texas L.P. respectfully prays that this case be removed to the United States District Court for the Northern District of Texas, Fort Worth Division.

Respectfully submitted,

/s/ B. Kyle Briscoe

**B. Kyle Briscoe**
Attorney-in-charge
State Bar No. 24069421
kbriscoe@peavlerbriscoe.com
Margaret M. Knott
State Bar No. 15287250
mknott@peavlerbriscoe.com

**PEAVLER|BRISCOE**
2215 Westgate Plaza
Grapevine, Texas 76051
214-999-0550 (telephone)
214-999-0551 (fax)

**ATTORNEYS FOR DEFENDANT**

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been forwarded to all counsel of record, pursuant to and in accordance with the Federal Rules of Civil Procedure on October 25, 2022.

/s/ B. Kyle Briscoe
B. Kyle Briscoe