# EXHIBIT 1

**Exhibit 1**



Civil Case and Transaction Information                    10/25/2022 10:44 AM

Court : 236   Case : 336976   Search   New Search   ☐ Show Service Documents ONLY

**Cause Number : 236-336976-22**                    **Date Filed : 09-22-2022**

CRISELDA RAMIREZ  | VS |  KROGER TEXAS, LP.

**Cause of Action :** INJURY OR DAMAGE, OTHER INJURY OR DAMAGE
**Case Status :** PENDING

| File Mark | Description | | Assessed Fee | Credit/Paid Fee |
|---|---|---|---|---|
| 09-22-2022 | PLTF'S ORIG PET | N | $350.00 | |
| 09-22-2022 | PAYMENT RECEIVED trans #1 | Y | | $213.00 |
| 09-22-2022 | PAYMENT PAID TO STATE trans #1 | Y | | $137.00 |
| 09-22-2022 | CIT-ISSUED ON KROGER TEXAS LP-On 09/29/2022 | N  Svc | $8.00 | |
| 09-22-2022 | PAYMENT RECEIVED trans #4 | Y | | $8.00 |
| 09-22-2022 | JURY REQUESTED | | | $0.00 |
| 09-28-2022 | EMAIL CIT REQ (TO DP-IJ) | | | $0.00 |
| 10-06-2022 | CIT RETURN-KROGER TEXAS LP | | | $0.00 |
| 10-06-2022 | CIT Tr# 4 RET EXEC(KROGER TEXAS LP) On 10/05/2022 | | | $0.00 |

| 10-24-2022 | DEFN ORIG ANS & SPECIAL EXCEPTION | | | $0.00 |
|---|---|---|---|---|

# EXHIBIT 2

**Exhibit 2**



# Notice of Service of Process

**null / ALL**
**Transmittal Number: 25679835**
**Date Processed: 10/06/2022**

| | |
|---|---|
| **Primary Contact:** | Venessa C. Wickline Gribble<br>The Kroger Co.<br>1014 Vine St<br>Ste 1000<br>Cincinnati, OH 45202-1100 |
| **Entity:** | Kroger Texas L.P.<br>Entity ID Number 2172000 |
| **Entity Served:** | Kroger Texas LP |
| **Title of Action:** | Criselda Ramirez vs. Kroger Texas LP |
| **Matter Name/ID:** | Criselda Ramirez vs. Kroger Texas LP (13039933) |
| **Document(s) Type:** | Citation/Petition |
| **Nature of Action:** | Personal Injury |
| **Court/Agency:** | Tarrant County District Court, TX |
| **Case/Reference No:** | 236-336976-22 |
| **Jurisdiction Served:** | Texas |
| **Date Served on CSC:** | 10/05/2022 |
| **Answer or Appearance Due:** | 10:00 am Monday next following the expiration of 20 days after service |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| Sender Information: | Thompson Law LLP<br>214-755-7777 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

DELIVERED
10/25/22
By MST PC1216
Austin Process, LLC

THE STATE OF TEXAS
DISTRICT COURT, TARRANT COUNTY

## CITATION

*Cause No. 236-336976-22*

CRISELDA RAMIREZ
VS.
KROGER TEXAS, LP.

**TO: KROGER TEXAS LP**

B/S REG AGT-CORPORATION SERVICE COMPANY 1211 E 7TH ST STE 620 AUSTIN, TX 787

You said DEFENDANT are hereby commanded to appear by filing a written answer to the PLAINTIFF'S ORIGINAL PETITION at or before 10 o'clock A.M. of the Monday next after the expiration of 20 days after the date of service hereof before the 236th District Court ,100 N CALHOUN, in and for Tarrant County, Texas, at the Courthouse in the City of Fort Worth, Tarrant County, Texas said PLAINTIFF being

CRISELDA RAMIREZ

Filed in said Court on September 22nd, 2022 Against
KROGER TEXAS LP

For suit, said suit being numbered 236-336976-22 the nature of which demand is as shown on said PLAINTIFF'S ORIGINAL PETITION a copy of which accompanies this citation.

MATTHEW SERCELY
Attorney for CRISELDA RAMIREZ Phone No. (214)755-7777
Address   3300 OAK LAWN AVE 3RD FL DALLAS, TX 75219

_____Thomas A. Wilder_____ , Clerk of the District Court of Tarrant County, Texas. Given under my hand and the seal of said Court, at office in the City of Fort Worth, this the 29th day of September, 2022.

By Nykole Taylor
NYKOLE TAYLOR

A CERTIFIED COPY
ATTEST: 09/29/2022
THOMAS A. WILDER
DISTRICT CLERK
TARRANT COUNTY, TEXAS
BY: /s/ Nykole Taylor

NOTICE: You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 AM, on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org.

Thomas A. Wilder, Tarrant County District Clerk, 100 N CALHOUN, FORT WORTH TX 76196-0402

### OFFICER'S RETURN *236336697622000004*

Received this Citation on the _____ day of _____, _____ at _____ o'clock ___M; and executed at _____ within the county of _____, State of _____ at _____ o'clock ___M on the _____ day of _____, _____ by delivering to the within named (Def.): _____ defendant(s), a true copy of this Citation together with the accompanying copy of PLAINTIFF'S ORIGINAL PETITION , having first endorsed on same the date of delivery.

Authorized Person/Constable/Sheriff: _____
County of _____ State of _____ By _____ Deputy

Fees $_____
State of _____ County of _____ (Must be verified if served outside the State of Texas)
Signed and sworn to by the said _____ before me this _____ day of _____, ____
to certify which witness my hand and seal of office
(Seal)

County of _____, State of _____

## *CITATION*

Cause No. 236-336976-22

CRISELDA RAMIREZ

VS.

KROGER TEXAS, LP.

ISSUED

This 29th day of September, 2022

Thomas A. Wilder
Tarrant County District Clerk
100 N CALHOUN
FORT WORTH TX 76196-0402

By     NYKOLE TAYLOR Deputy



MATTHEW SERCELY
Attorney for: CRISELDA RAMIREZ
Phone No. (214)755-7777
ADDRESS: 3300 OAK LAWN AVE 3RD FL

DALLAS, TX 75219

## *CIVIL LAW*



*23633697622000004*
SERVICE FEES NOT COLLECTED
BY TARRANT COUNTY DISTRICT CLERK
ORIGINAL

236-336976-22

FILED
TARRANT COUNTY
9/22/2022 3:31 PM
THOMAS A. WILDER
DISTRICT CLERK

CAUSE NO.

| | | |
|---|---|---|
| **CRISELDA RAMIREZ** | § | IN THE DISTRICT COURT |
| Plaintiff, | § § § | |
| VS. | § § | |
| **KROGER TEXAS, LP.,** | § § § § § § | JUDICIAL DISTRICT |
| Defendant. | § | TARRANT COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

COMES NOW Criselda Ramirez, hereinafter also referred to as "Plaintiff," and files Plaintiff's Original Petition and Jury Demand complaining Kroger Texas, LP. hereinafter also referred to as "Defendant," and in support thereof would respectfully show the Court the following:

### I.
### DISCOVERY LEVEL

This lawsuit shall be conducted under Plaintiff intends for discovery to be conducted under Level 3 of Rule 190.2 of the Texas Rules of Civil Procedure.

### II.
### PARTIES AND SERVICE

Plaintiff Criselda Ramirez is an individual residing in Arlington, Tarrant County, TX.

Defendant Kroger Texas, LP. is a foreign company which may be served through its registered agent CORPORATION SERVICE COMPANY located at 1211 E. 7th Street Suite 620, Austin, TX 78701. **Issuance of citation is requested.**

### III.
### JURISDICTION AND VENUE

The subject matter in controversy in this lawsuit is within the jurisdictional limits of this Court.

This Court has jurisdiction over the parties to this lawsuit because the parties to this lawsuit are Texas residents and/or regularly conduct business in Texas; the events upon which this lawsuit is based occurred in Texas; and the damages sought in this lawsuit are within the jurisdictional limits of this Court. In order to comply with this procedural requirement, Plaintiff pleads pursuant to Tex. R. Civ. P. 47, that Plaintiff seeks monetary relief over $250,000 but not more than $1,000,000, an amount within the jurisdictional limits of this Court.

Venue in Tarrant County, Texas is proper under Section 15.002(a)(2) of the Texas Civil Practice and Remedies Code because the incident occurred in Tarrant County.

## IV.
## FACTUAL BACKGROUND

On or about February 17, 2021, Plaintiff Ramirez was an invitee to Kroger Texas, LP. when she slipped and fell in water leaking from some crates. The water was leaking from crates that Kroger employees were using to actively restock the shelves. As the dangerous condition was created by an employee of the Defendant, it is presumed that the Defendant had notice of the dangerous condition.

At the time of the occurrence in question, Defendant operated the premises as a business and owed Plaintiff a duty to exercise ordinary care to ensure that their premises were safe. Defendant failed to maintain their premises slipping hazards, causing Plaintiff to slip and fall.

As a direct and proximate result of the wrongful and negligent conduct of Defendant, Plaintiff suffered injuries, damages and medical expenses within the jurisdictional limits of this Court.

## V.

## CAUSES OF ACTION

### *Negligence – Premises Liability*

Plaintiff incorporates herein by reference all allegations set forth in the preceding paragraphs.

The negligence of Defendant, its employees, agents and/or representatives acting within the scope of their employment was a proximate cause of the occurrence in question and Plaintiff's injuries and damages. Defendant owned, managed and/or maintained the Premises in question and had control of the Premises. At the time of the incident, Defendant was operating a business and the premises was open to the general public for the business's purposes. The Plaintiff was on the premises as a customer of Defendant.

Defendant's employeed created the dangerous condition on the Premises that caused Plaintiff's fall and injuries and damages through the acts of its agents, employees or representatives, and/or allowed it to be created.

Defendant knew or through the exercise of due care should have known that the Premises, in the condition it was in at the time of the incident which forms the basis of this suit, posed an unreasonable risk of harm to persons on the Premises, including without limitation Plaintiff.

Defendant were negligent when they:

a. Failed inspect the Premises for defendants and/or unreasonably dangerous conditions;

b. Failed to make the Premises reasonably safe; and

c. Failed to make safe the dangerous conditions or provide adequate warning of the dangerous conditions for persons entering and on the Premises.

As a direct and proximate result of the foregoing acts and/or omissions, Plaintiff sustained bodily injuries and damages within the jurisdictional limits of this Court.

**PLAINTIFF'S ORIGINAL PETITION** PAGE 3 OF 5
*CAUSE NO.*

## VII.
## NOTICE OF INTENT

Plaintiff hereby gives notice to Defendant under Rule 193.7 of the Texas Rules of Civil Procedure that Plaintiff will use any document produced by Defendant during pretrial discovery against Defendant at any pretrial proceeding and at trial, and any such document is therefore self-authenticated pursuant to that rule.

## VIII.
## JURY DEMAND

Plaintiff hereby requests a trial by jury.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that Defendant be cited to appear and answer herein, and that this case be tried before the Court and a Jury, after which Plaintiff recover:

a. judgment against Defendant for Plaintiff's damages as set forth above in an amount within the jurisdictional limits of this Court;

b. pre-judgment interest at the maximum amount allowed by law;

c. post-judgment interest at the maximum rate allowed by law;

d. case costs and expenses of suit; and

e. such other and further relief, at law or in equity, to which Plaintiff may be justly entitled.

Respectfully submitted,

**THOMPSON LAW LLP**
3300 Oak Lawn Avenue, 3rd Floor
Dallas, Texas 75219
Tel. 214/755-7777
Fax 214/716-0116

*/s/ Matthew Sercely*

**MATTHEW SERCELY**
State Bar No. 24070595
msecerly@triallawyers.com
**RYAN L. THOMPSON**
State Bar No. 24046969
rthompson@triallawyers.com

**ATTORNEYS FOR PLAINTIFF**

# EXHIBIT 3

**Exhibit 3**

236-336976-22

FILED
TARRANT COUNTY
10/24/2022 3:23 PM
THOMAS A. WILDER
DISTRICT CLERK

CAUSE NO. 236-336976-22

| | | |
|---|---|---|
| CRISELDA RAMIREZ, | § | IN THE DISTRICT COURT |
| Plaintiff, | § | |
| | § | |
| vs. | § | 236TH JUDICIAL DISTRICT |
| | § | |
| KROGER TEXAS, L.P., | § | |
| Defendant. | § | TARRANT COUNTY, TEXAS |

### DEFENDANT KROGER TEXAS, L.P.'S ORIGINAL ANSWER AND SPECIAL EXCEPTION

COMES NOW Defendant Kroger Texas L.P. and files its Original Answer and Special Exception, and in support thereof, would respectfully show the Court as follows:

**I.
ANSWER**

**A.   GENERAL DENIAL**

Defendant denies each and every, all and singular, the material allegations contained in Plaintiff's Petition, demands strict proof thereof and, to the extent that such matters are questions of fact, says Plaintiff should prove such facts by a preponderance of the evidence to a jury if Plaintiff can so do.

**B.   DEFENSES**

1.   Defendant had neither actual nor constructive knowledge of the condition about which Plaintiff complains, and further asserts that, in any event, the alleged hazard was not "unreasonably dangerous."

2.   Plaintiff's damages or injuries, if any, were caused by the acts of third persons not under the control of Defendant. Such acts or omissions of said third persons were the sole and/or a producing and/or a proximate and/or an intervening and/or a supervening cause of Plaintiff's damages or injuries, if any.

3. The alleged premises condition of which Plaintiff complains was already appreciated by Plaintiff, was open and obvious, was not concealed, and/or was a known risk and, therefore, Defendant denies that it owed any duty to warn Plaintiff of the alleged premises condition or protect Plaintiff from same. *Austin v. Kroger Texas L.P.*, 465 S.W.3d 193, 203 (Tex. 2015).

4. Plaintiff failed to use that degree of care and caution that would have been used by a reasonable person under the same or similar circumstances, thereby producing or proximately causing or contributing to cause Plaintiff's injuries and damages, if any. Such acts or omissions of Plaintiff were the sole and/or a producing and/or a proximate and/or a supervening and/or an intervening cause of Plaintiff's damages or injuries, if any.

5. In the alternative, the accident complained of was an unavoidable accident, as that term is defined under Texas law.

6. Defendant respectfully requests that the factfinder allocate responsibility, if any, among all parties, settling parties, and responsible third parties, in accordance with Chapters 32 and 33 of the Texas Civil Practice and Remedies Code.

7. In the unlikely event an adverse judgment is rendered against Defendant in this matter, Defendant respectfully prays for contribution, indemnity and/or all available credits as provided for in the Texas Civil Practice and Remedies Code and under Texas law.

8. To the extent that the damages about which Plaintiff complains, if any, were the result of prior or pre-existing or subsequent injuries, accidents or conditions, said prior or pre-existing or subsequent injuries, accidents or conditions were the sole and/or a contributing cause of Plaintiff's damages alleged against Defendant.

9. To the extent that Plaintiff breached Plaintiff's duty to mitigate damages by failing to exercise reasonable care and diligence to avoid loss and minimize the consequences of damages, such damages are not reasonable or necessary.

10. To the extent that Plaintiff is malingering and/or exaggerating the nature and severity of Plaintiff's injuries in order to continue treatment, Defendant contends said treatment is not medically necessary or reasonable.

11. Any claims for past and future medical or health care expenses are limited to the customary and usual amounts charged for reasonable and necessary medical care and, with respect to past medical expenses, are further limited to the amounts actually paid or incurred by or on behalf of Plaintiff, pursuant to Texas Civil Practice and Remedies Code § 41.0105.

12. Pursuant to Texas Civil Practice & Remedies Code § 18.091, to the extent that Plaintiff is seeking a recovery for loss of earnings, lost wages, loss of earning capacity and/or loss of contributions of pecuniary value, evidence of such alleged losses must be presented by Plaintiff in the form of a net loss after reduction for income tax payments, or unpaid tax liability to any federal income tax law.

## II.
## SPECIAL EXCEPTION

Defendant objects and specially excepts to section VII of Plaintiff's Original Petition, titled "Notice of Intent," which improperly attempts to invoke Rule 193.7 of the Texas Rules of Civil Procedure. Specifically, section VII of Plaintiff's Original Petition states, "Plaintiff hereby gives notice to Defendant under Rule 193.7 of the Texas Rules of Civil Procedure that Plaintiff will use any document produced by Defendant during pretrial discovery against Defendant at any pretrial proceeding and at trial, and any such document is therefore self-authenticated pursuant to that

rule". However, Rule 193.7 requires that the party invoking Rule 193.7 provide "**_actual notice_** that the document **_will_** be used" to the producing party.[1] Furthermore, "the ten-day period allowed for objection to authenticity . . . does not run from the production of the material or information but from the party's **_actual awareness that the document will be used_**."[2] Accordingly, it is clear that Rule 193.7 requires more than a mere blanket statement that all documents produced in discovery will be authenticated against the producing party. Such a blanket statement not only fails to satisfy the requirements of Rule 193.7, but it also places an unreasonable burden upon Defendant to review all documents it produces and prophylactically render objections regarding the authenticity of said documents. Therefore, Defendant requests that the Court strike section XII of Plaintiff's Original Petition, titled "Notice of Intent" in its entirety.

## III.
## COURT REPORTER

Defendants respectfully demand a court reporter be present at all proceedings before the Court.

## IV.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant Kroger Texas L.P. prays that its special exception be granted. Further, Defendant respectfully prays Plaintiff take nothing by this cause and that Defendant be permitted to recover the costs expended on its behalf. Defendant also

---

[1] Tex. R. Civ. P. 193.7 (2021) (emphasis added).
[2] *Id.*, cmt. 7 (emphasis added).

prays for all other and further relief, both general and special, at law and in equity, to which it may show itself to be justly entitled.

Respectfully submitted,

/s B. Kyle Briscoe

**B. Kyle Briscoe**
State Bar No. 24069421
kbriscoe@peavlerbriscoe.com
**Margaret M. Knott**
State Bar No. 15287250
mknott@peavlerbriscoe.com
**PEAVLER|BRISCOE**
2215 Westgate Plaza
Grapevine, Texas 76051
214-999-0550 (telephone)
214-999-0551 (fax)

**ATTORNEYS FOR DEFENDANT**

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been forwarded to all counsel of record in this case pursuant to and in accordance with the Federal Rules of Civil Procedure on October 24, 2022.

/s/ B. Kyle Briscoe
B. Kyle Briscoe

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Bryan Briscoe on behalf of Bryan Briscoe
Bar No. 24069421
kbriscoe@peavlerbriscoe.com
Envelope ID: 69511147
Status as of 10/24/2022 3:42 PM CST

Associated Case Party: THEKROGER TEXAS LP

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Jennifer Renfro | | jrenfro@peavlerbriscoe.com | 10/24/2022 3:23:12 PM | SENT |
| Liz Contreras | | econtreras@peavlerbriscoe.com | 10/24/2022 3:23:12 PM | SENT |
| Margaret M. Knott | | mknott@peavlerbriscoe.com | 10/24/2022 3:23:12 PM | SENT |
| Kyle Briscoe | | kbriscoe@peavlerbriscoe.com | 10/24/2022 3:23:12 PM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Matthew Sercely | | msercely@triallawyers.com | 10/24/2022 3:23:12 PM | SENT |
| Grisell Henderson | | ghenderson@triallawyers.com | 10/24/2022 3:23:12 PM | SENT |